UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JAMES MILLS, | Case No. 2:22-cv-01738-TLN-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| MICHAEL R. DEEMS, *et al.*, | ECF No. 10 |
| Defendants. | SCREENING ORDER THAT PLAINTIFF: |
| | (1) FILE AN AMENDED COMPLAINT; OR |
| | (2) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED |
| | ECF No. 1 |
| | THIRTY-DAY DEADLINE |

Plaintiff Rodney James is a pretrial detainee proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He alleges that defendant Judge Michael Deems and Deputy District Attorney Michael Tufaro violated his constitutional rights by denying him bail and failing to release him from custody. These claims are not cognizable as alleged. I will give plaintiff an opportunity to file an amended complaint. I will grant his application to proceed *in forma pauperis*, ECF No. 10.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that Judge Deems and Deputy District Attorney Tufaro violated his constitutional rights by denying his request for bail and worked together to keep him in jail. ECF No. 1 at 13. He also claims that defendant Tufaro said he would "stack twice as many" felonies on plaintiff if plaintiff exercised his right to a preliminary hearing. *Id.*

1    As an initial matter, plaintiff is seeking monetary damages against Judge Deems, but
2 judicial immunity bars § 1983 claims for damages against judges. *See Mireles v. Waco*, 502 U.S.
3 9, 9-12 (1991). Judge Deems' decision to deny plaintiff's bail was a judicial act taken within the
4 judge's jurisdiction. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per
5 curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the
6 jurisdiction of their courts."). Not dissimilarly, plaintiff's allegations against prosecutor Tufaro
7 do not state a claim, since prosecutors are immune from liability under § 1983 for conduct
8 "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424
9 U.S. 409, 431 (1976); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005). Because Tufaro's
10 action of arguing to deny plaintiff's bail is closely associated with the judicial phase of the
11 criminal process, Tufaro is immune.
12    Even if plaintiff's claims were adequately pled, it is evident from the face of the complaint
13 that plaintiff has failed to exhaust his available administrative remedies. "The Prison Litigation
14 Reform Act of 1995 . . . mandates that an inmate exhaust 'such administrative remedies as are
15 available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635
16 (2016) (quoting 42 U.S.C. § 1997e(a)). Although dismissal of a prisoner civil rights action for
17 failure to exhaust administrative remedies must generally be decided pursuant to a motion for
18 summary judgment, see *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), a court can also dismiss a
19 case at screening "[i]n the rare event that a failure to exhaust is clear on the face of the
20 complaint," *id.* at 1166. Plaintiff admits that he has not yet completed the grievance process for
21 the claim at issue. ECF No. 1 at 2 (indicating that he did file a grievance because he "didn't think
22 it would help").
23    Because there is a possibility that plaintiff's failure to exhaust should be excused, see
24 *Albino*, 747 F.3d at 1171 (noting that "[a]n inmate is required to exhaust only *available*
25 remedies") (emphasis in original), I will grant him a chance to amend his complaint before
26 recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the
27 amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d
28 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be

complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 10, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   December 1, 2022                    _____
                                             JEREMY D. PETERSON
                                             UNITED STATES MAGISTRATE JUDGE

4